## SMITH vs. GREELEY & a.

Where there was a mistake in the description of real estate in the deed of a deceased person, such deed having been delivered by him in good faith as in execution of his contract to convey certain lands to the plaintiff, and accepted by the plaintiff in the belief that it contained the true description of such lands, this court, in the exercise of its equity powers, will relieve, on a bill filed against the executor and heirs at law of the deceased person.

Such relief is not effected by erasures or interlineations of the former deed, but by injunctions, and orders for necessary and proper releases.

IN EQUITY. The bill set forth that John Howe, on the 4th of April, 1838, was the owner of certain lands in Hudson, described, &c., and contracted with the plaintiff to convey the same to the plaintiff by a good and sufficient deed of warranty, for the consideration of the sum of $2400, which the plaintiff paid to him on the same day ; that Howe, intending to fulfil the contract on his part, executed and delivered a deed of warranty, in common form, to the plaintiff, bearing the same date in which the description and boundaries of one of the tracts of land were set forth, and recited by mistake and error in said deed as follows, viz., &c. ; that upon the delivery of said deed it was represented to the plaintiff by Howe, and believed by the plaintiff, that the description and boundaries contained in the deed were the true and correct description and boundaries of the tract, and that the deed was delivered as a good and valid conveyance of the tract, and in compliance with the agreement, and that it was the meaning and intent of Howe so to convey ; and the plaintiff accepted the deed, upon the understanding that it did convey the tract purchased, and caused it to be recorded ; but that in fact the deed did not contain a true description of the tract, there being an error and mistake in the description, which was specifically set forth in the bill.

The bill then alleged the death of Howe, December 2d, A. D. 1838, and the appointment of Greeley as his executor ; that the error was not discovered until after Howe's death ;

that the land had not been devised or sold; that it was well known and understood by the executor, and the other defendants who are the heirs at law of Howe, that it was the intention of Howe to convey the tract purchased, and that there was a mistake in the deed, as set forth in the bill, &c. And the bill prayed that it might be decreed that the deed be reformed and rectified, and for such farther relief as the case might require.

The defendants were defaulted; in addition to which, evidence was submitted to the court establishing clearly the facts set forth in the bill.

*G. Y. Sawyer*, for the plaintiff, cited 20 *Maine R.* 363, *Peterson* vs. *Grover;* 1 *Clarke's N. Y. Ch. R.* 37, *Fisher* vs. *Bell.*

Parker, C. J. The defendants by their default admit the allegations of the bill. The truth of the matters charged is likewise shown by the evidence furnished.

The court possesses full equity jurisdiction in cases of mistake, and this is a case in which relief is granted under that branch of the jurisdiction. A court of equity reforms the conveyance or instrument, by making it such as the parties intended. 1 *Story's Eq.* 171; 2 *Johns. Ch. R.* 585, *Gillespie* vs. *Moon.*

This, however, is not done by erasure or interlineation, but by a decree, stating the reform required, with such orders for injunction and releases as may be necessary and proper to carry the decree into effect. 2 *Johns. Ch. R.* 602.

*Decree.* It having been clearly proved, and admitted in the hearing of the cause, that in making the deed from Howe to the plaintiff a mistake was made by inserting, &c., instead of, &c., it is considered by the court here that equity and good conscience require that the deed should be reformed and corrected by substituting, &c., and that the title to the

lot which would be conveyed by the deed as thus corrected, be confirmed and established to the plaintiff, so far as may be consistent with the legal rights of other persons not parties hereunto. And it is ordered and decreed that the respondents be perpetually enjoined from claiming, possessing, conveying, or in any other manner interfering with the tract so truly described as aforesaid, and for the purpose of enabling each party to be quieted and to have their several rights appear on the public records, that the defendants execute deeds of release accordingly.